UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23158-CIV-KING

DAVID M. PAINE,

    Plaintiff,

v.

DOMINO'S PIZZA, LLC,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon Defendant Domino's Pizza, LLC's Motion To Dismiss Plaintiff's First Amended Complaint, or, Alternatively, Motion for More Definite Statement (DE # 33), filed November 19, 2010. The Court is fully briefed on the matter.[1] For the reasons below, the Court finds that motion must be denied in part, and granted in part without prejudice.

### I. Background

Plaintiff Paine seeks damages for Defendant's alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11, 509.092 ("FRCA"), as well as fraud, fraud in the inducement, and negligent misrepresentation. All the claims revolve around Plaintiff's former employment with Defendant.

---

[1] Plaintiff filed a Response (DE #34) December 6, 2010, and Defendant replied December 20, 2010. (DE #37).

Plaintiff worked at a Domino's Pizza location in Omaha, Nebraska in 2008. (DE #1). The owner of that location sold the store in August 2008, and the employees were not retained. *Id.* ¶ 18. Plaintiff began looking for an assistant manager position at a different Domino's Pizza location, and was contacted by Luis Herrera, Domino's Manager of Corporate Operations, about a position in Miami. *Id.* ¶¶ 19–21. Plaintiff was told that if he could take an order in Spanish, he would be hired as an assistant manager, trained as such, and assigned to a store in Miami. *Id.* ¶ 22. Plaintiff told Mr. Herrera that he could take an order in Spanish, and Mr. Herrera hired Plaintiff. *Id.* ¶ 23–24. Plaintiff alleges that despite the promise that he would be hired as an assistant manager, he was never trained for the assistant manager position. *Id.* ¶ 28. Instead, he was assigned driver duties and transferred from store to store. *Id.*

Upon inquiring why he was not trained as an assistant manager, Plaintiff was told "he was not capable of properly interacting" with the company's Spanish-speaking store managers and customers. *Id.* ¶ 29. In November 2008, Plaintiff, who alleges he "is of American descent, and is not of Hispanic origin or a Spanish-speaking country," DE #1 ¶ 17, informed Mr. Herrera and Human Resources personnel that he believed he was being discriminated against because of his national origin. *Id.* ¶ 31. He threatened to file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* Plaintiff alleges that his work hours were reduced shortly thereafter. *Id.* ¶ 32. Plaintiff further alleges that he did file a Charge of Discrimination with the EEOC, and informed Mr. Herrera and a Human Resources employee of the filing. *Id.* ¶ 34. Plaintiff claims his work

hours were immediately and drastically cut to "just a couple of hours every two weeks." *Id.* ¶ 34. Despite the reduction in Plaintiff's hours, Defendants were allegedly hiring new employees of Hispanic origin and from Spanish-speaking countries, and giving such new hires more hours than Plaintiff. *Id.* ¶ 35. Plaintiff claims he was written up twice and ultimately terminated shortly after filing the EEOC charge. *Id.* ¶ 36.

## II. Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III.     Discussion

#### A.     Claims Under Title VII and the FRCA

Both Title VII and the FRCA prohibit employment discrimination on the basis of national origin, and further prohibit retaliation against an employee who complains about such discrimination.[2] Plaintiff alleges that Defendant's refusal to train him as an assistant manager, the reduction of his work hours, and his ultimate termination were a direct result of his national origin, in violation of Title VII and the FRCA. He also alleges that this disparate treatment was in retaliation for his filing of the EEOC charge. Defendant moves to dismiss these claims on the ground that the allegations fall outside the scope of Plaintiff's EEOC charge and, therefore, Plaintiff has failed to exhaust his administrative remedies. (DE #33 ¶ 8).

It is well settled that before filing a Title VII claim in federal court, a Plaintiff must first file a discrimination charge with the EEOC and receive from the EEOC a notice of the right to sue.[3] *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000) ("No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge."). However, courts are permitted to

---

[2] Because the FRCA was patterned after Title VII, Florida courts construe the FRCA in the same manner as federal courts interpreting Title VII. *Parahao v. Bankers Club, Inc.*, 225 F.Supp. 2d 1353, 1361 (S.D. Fla. 2002) ("No Florida court has interpreted the FCRA to impose liability where Title VII does not."). Accordingly, the Title VII and FRCA claims are treated together here.

[3] The FRCA analogously requires the exhaustion of administrative remedies through the filing of an administrative charge of discrimination prior to filing suit in court. Fla. Stat. § 760.11(a). Exhaustion under the FRCA may be accomplished by filing a charge with either a state commission or the federal EEOC. *Id.* Thus, if the Court finds the EEOC charge here is sufficient for purposes of the Title VII claims, it would necessarily follow that it is sufficient for purposes of the FRCA claims as well.

entertain previously unasserted allegations of the judicial complaint which are "reasonably related" to those contained in the administrative charge. *Buzzi v. Gomez*, 62 F.Supp. 2d 1344, 1351 (S.D. Fla. 1999). Allegations are "reasonably related" where "(1) the subsequent conduct would fall within the reasonably expected scope of the EEOC investigation of the administrative charges; [or] (2) the claim is one alleging retaliation against the employee for filing an EEOC charge." *Ward v. Florida*, 212 F.Supp.2d 1349, 1357 (N.D. Fla. 2002).

Here, Defendant argues that Plaintiff's EEOC charge did not include any references to his termination, and instead only alleged that he was assigned reduced work hours and duties limited to driving. However, Plaintiff's allegations fit squarely within the "reasonably related" exception. First, Plaintiff claims he was terminated in retaliation for filing an EEOC charge. (DE #1 ¶¶ 61, 72). Second, the termination fell "within the reasonably expected scope of the EEOC investigation," and was in fact investigated by the EEOC. The Letter of Determination issued to Plaintiff by the EEOC states: "[B]ecause of the discriminatory treatment, [Plaintiff] was forced to return to the mid-west (Missouri) rather than continue to seek employment in Florida." (DE #34(2)). Accordingly, Plaintiff was not required to file a second EEOC charge, and he has thus exhausted his administrative remedies.

**B.    Fraud, Fraud in the Inducement, and Negligent Misrepresentation Claims**

Plaintiff alleges that despite representations to the contrary, Defendant never intended to train him as an assistant manager. Because the representations were false when made, he alleges they were fraudulent.

Defendant argues that Plaintiff's claims for negligent misrepresentation, fraud, and

5

fraud in the inducement should be dismissed because Florida's employment-at-will doctrine bars these claims, Plaintiff has not alleged justifiable reliance, and a promise relating to a future act is not actionable. Because the elements for fraud, fraud in the inducement, and negligent misrepresentation under Florida law are virtually identical,[4] the Court will address these claims together. *See, e.g. Linville v. Ginn Real Estate Co., LLC*, 697 F.Supp. 2d 1302 (M.D. Fla. 2010) (noting similarities between claims for fraud in the inducement and negligent misrepresentation). The only significant difference between the claims is that negligent misrepresentation requires justifiable reliance while fraud and fraud in the inducement do not. *See Allocco v. City of Coral Gables*, 221 F.Supp. 2d 1317, 1355 (S.D. Fla. 2002).

### 1.     Promises of Future Action

Defendant argues that the promises that Plaintiff would be trained as an assistant manager relate to future conduct, and that promises of future conduct are not actionable.

---

[4]The elements of fraud under Florida law are: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

To state a claim for fraud in the inducement, a plaintiff must show that: "(1) a false statement was made regarding a material fact; (2) the individual who made the statement knew or should have known that it was false; (3) the maker intended that the other party rely on the statement; and (4) the other party relied on the false statement to its detriment." *Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 542 (Fla. 5th DCA 2003).

The elements of negligent misrepresentation are: "(1) a misrepresentation of material fact; (2) that the representor either knew or should have known was false when made without knowledge of truth or falsity; (3) the representor intended to induce another to act on the misrepresentation; and (4) resulting injury to a party acting in justifiable reliance on the misrepresentation." *Allocco v. City of Coral Gables*, 221 F.Supp. 2d 1317, 1355 (S.D. Fla. 2002), *aff'd* 88 F. App'x 380 (11th Cir. 2003).

6

Defendant correctly states the general rule that "an action for fraud generally may not be predicated on . . . promises of future action, but rather must be based on a statement concerning a past or existing fact." *Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001). However, "an exception to this general rule is that where the promise to perform a material matter in the future is made without any intention of performing or made with the positive intention not to perform, a cause of action for fraud may proceed to a jury." *Wadlington v. Cont'l Med. Servs., Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005). In *Wadlington*, the plaintiff alleged her employer promised to pay her a commission upon completion of a task, but that the employer "had no intention of performing the act when the representation was made." *Id.* at 633. The Court found that these allegations were sufficient to bring the complaint within the above exception, and found summary judgment for the employer was reversible error. *Id.*

Here, Plaintiff has alleged "Herrera . . . hired Plaintiff to be trained as and made an Assistant Manager," (DE #30 ¶ 22); "Defendant was well aware that its representations to Plaintiff were false," *id.* ¶ 79; and "Defendant either knew of its misrepresentations, made the misrepresentations without knowledge as to their truth or falsity, or made the misrepresentations under circumstances in which it ought to have known of their falsity." *Id.* ¶ 92. Like the allegations in *Wadlington*, these allegations bring Plaintiff's Complaint within the exception for promises made with no intention of performing. Of course, "whether [Plaintiff] can present sufficient evidence of the misrepresentation or the intent to not perform is of no moment at this procedural juncture, as those are questions of fact to be

determined by a jury." *Wadlington*, 907 So. 2d at 633.

### 2. At-Will Employment

Finally, Defendant argues that Plaintiff's negligent misrepresentation claim is barred because reliance on a promise for at-will employment is not reasonable, and Plaintiff has therefore not adequately pled justifiable reliance. More specifically, Defendant argues that where employment is at will, an at-will employee has "no enforceable rights," and therefore cannot seek enforcement of promises related to his employment. (DE #33). The cases relied upon by Defendant discuss the principles of promissory estoppel and breach of contract, theories not alleged here. Nonetheless, Defendant correctly states the rule with respect to breach of contract claims: "Where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." *DeMarco v. Publix Super Markets, Inc.*, 360 So. 2d 134, 135 (Fla. 3d DCA 1978).

However, the employment-at-will doctrine does not apply where a plaintiff does not seek to recover for breach of contract. *Golden v. Complete Holdings, Inc.*, 818 F.Supp. 1495, 1488 (M.D. Fla. 1993) ("A claim for negligent misrepresentation also sounds in tort, removing such a claim from the ambit of the employment-at-will doctrine."). Claims alleging fraudulent misrepresentation and fraud in the inducement have been permitted to proceed where the plaintiff is an at-will employee. *See J.R.D. Mgmt. Corp. v. Dulin*, 883 So. 2d 314, 319 (Fla. 4th DCA 2004) ("We disagree with defendant's argument that fraud in the inducement cannot lie when employment is at will and terminable at any time. There is no

8

reason why even at-will employment cannot be fraudulently induced."); *Stow v. Nat'l Maintenance Co.*, 610 So. 2d 1378, 1382 (Fla. 1st DCA 1992) ("One's status as an employee terminable at will will not, in and of itself, relieve from liability an employer whose independent wrongful act caused the employee to lose a position of gainful employment."). Accordingly, Plaintiff's claims are not subject to dismissal on this basis.

### 3. Heightened Pleading Requirements for Fraud Claims

Lastly, Defendant argues Plaintiff has not alleged the fraud claims with the requisite particularity. Although in general the Federal Rules of Civil Procedure require only notice pleading, Rule 9(b) imposes a heightened pleading standard for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff asserting fraud claims must allege: "(1) the precise statements, documents or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1983, 1291 (11th Cir. 2010).

The Amended Complaint fails to plead facts with the particularity required by Rule 9(b). Specifically, Plaintiff fails to allege "the precise statements" made, as well as the time and place the statements were made. *See* DE #30. Accordingly, Plaintiff's claims for fraud, fraud in the inducement, and negligent misrepresentation[5] must be dismissed on this basis.

---

[5] "Rule 9(b) applies to claims for negligent misrepresentation under Florida law because negligent misrepresentation 'sounds in fraud.'" *Linville v. Ginn Real Estate Co., LLC*, 697 F.Supp. 2d 1302, 1306 (M.D. Fla. 2010) (citing *Johnson v. Amerus Life Ins. Co.*, No. 05-61363, 2006 WL 3826774

IV. **Conclusion**

After a careful review of the record, and the Court otherwise being advised in the premises, it is

**ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss the First Amended Complaint **(DE #33)** is **GRANTED in part.** Counts V (Fraud), VI (Fraud in the Inducement), and VII (Negligent Misrepresentation) are **DISMISSED without prejudice** to amend within **twenty (20) days** of the date of this Order if Plaintiff should elect to do so. The Motion to Dismiss is **DENIED** as to Counts I–IV, and Defendant shall answer Counts I–IV within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of March, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Copies furnished to:**

*Counsel for Plaintiff:*
**Jeffrey Mitchell Goodz**
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: jgoodz@rgpattorneys.com

*Counsel for Defendant:*

---

at *4 (S.D. Fla. Dec. 27, 2006)).

**Richard Alan Ivers**
Richard A Ivers
2421 N University Drive
3rd Floor
Coral Springs, FL 33065
954-757-6262
Fax: 757-6594
Email: richard@iverslawfirm.com